## In re BISHOP.

(District Court, E. D. New York. August 30, 1918.)

BANKRUPTCY ⬤⟶415(½)—DISCHARGE—CONCEALMENT OF PROPERTY.

 Application for discharge by a bankrupt, who listed his wife as a creditor for money borrowed from her with which he installed machinery on land owned by her, but omitted such property from his schedules, denied without prejudice, pending a suit by creditors against the wife to recover the property.

In Bankruptcy. In the matter of George D. Bishop, bankrupt. On application for discharge. Denied without prejudice.

Bertha Rembaugh, of New York City, for objecting creditor.
Arington H. Carman, of Patchogue, N. Y., for bankrupt.

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CHATFIELD, District Judge. This bankrupt borrowed money from his wife, with which he erected ways for a small shipyard upon land belonging to the wife. He spent various moneys for a shop, machinery, and other apparatus, which were attached or used upon the same property. Some years later he found himself in financial difficulties, and after examination in supplementary proceedings, with the usual restraining order, he filed a petition in bankruptcy, with schedules of creditors, in which he listed his wife for the moneys which she had advanced to him at the time the plant was started. In the same bankruptcy schedules he omitted, and thereby surrendered to his wife or kept for himself as tools of trade, all the property which he had acquired. Thus, as against his creditors and with his wife's knowledge, he sought to repay her, and at the same time deliver to her and keep from his creditors the entire plant, both as to the parts attached to the real estate and those as to which no claim of title by the owner of the real estate could be made.

The bankrupt in making up his schedules consulted counsel as to whether he was bound to include these properties in his assets, and now seeks to avoid objection to his discharge by showing that this counsel advised him that he was not required to include any of these properties in his schedules of assets. If a man accused of murder should offer, as a defense of lack of intent, that an attorney had advised him in advance that the circumstances constituted no more than justifiable homicide, the situation would be analogous. This bankrupt was in difficulties and under supplementary examination, and could not transfer the properties to his wife. He therefore surrendered them to her and sought to free himself from the debts by going through bankruptcy. He went to the attorney and stated the facts in such a way as to obtain an opinion that the property did not belong to the bankrupt. He had already concealed his property, if it was available for his creditors, by abandoning his own claim thereto, and his sincerity may be viewed from the manner in which he continued in business and used the property as his own, until, as his wife testifies, she stepped in and apparently ousted him from the active management.

The rights of the creditors are being urged in a creditor's action against the wife; the attorneys for the creditor and the trustee correctly assuming that a turn-over proceeding against the bankrupt alone, or against his wife, for property not in his possession, might fall short of raising an issue which could be disposed of. Under these circumstances the application for discharge cannot be heard without creating difficulties in the maintenance of the action to recover the assets. The referee has reported that the discharge should be granted, inasmuch as the bankrupt presented the apparently false schedules after advising with counsel. The court cannot agree with the proposition. But the matter of discharge should not be disposed of until the bankrupt can be given an opportunity of determining the actual resting place of the title to the property in dispute, before he is called upon to explain his intent in apparently turning everything over to

his wife, and at the same time seeking to repay her in part for the purchase price of the things turned over.

The application for confirmation of the commissioner's report will be denied, without prejudice to any further proceedings.